# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50789
c/w No. 13-50798
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO GRANJENO-ESPANOL,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-406-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mario Granjeno-Espanol appeals the 46-month within-guidelines sentence imposed following his conviction for illegal reentry into the United States after deportation. He argues that the sentence is substantively unreasonable and greater than necessary to meet the goals of 18 U.S.C. § 3553(a). He asserts that the Guidelines failed to account for his personal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

history and circumstances, including that he supports his five children and his two elderly parents, that he has mainly lived a law abiding life, and that he has only one prior conviction for which he has served his sentence. He contends that U.S.S.G. § 2L1.2 double counted his prior conviction and overstated the seriousness of his criminal history. He maintains that the presumption of reasonableness should not apply to his sentence because § 2L1.2 is not supported by empirical data, but acknowledges that the argument is foreclosed by *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

Although Granjeno-Espanol acknowledges that this court applies plain error review when a defendant fails to object to the reasonableness of the sentence, he contends that the proper standard of review is abuse of discretion. Because he did not object to the substantive reasonableness of the sentence in the district court, review is limited to plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

The district court considered Granjeno-Espanol's request for a downward variance and ultimately determined that a sentence at the bottom of the advisory guidelines range was appropriate under the circumstances and the § 3553(a) factors. Granjeno-Espanol's arguments that that § 2L1.2 lacks an empirical basis, double counts his criminal history, and overstates the seriousness of his criminal history, and that the Guidelines did not take into account his personal history and characteristics, are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). Therefore, Granjeno-Espanol has failed to show that his 46-month within-guidelines sentence is substantively unreasonable, and there is no reversible plain error.

AFFIRMED.